**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117250

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ceimoy James,<br><br>                              Plaintiff,<br><br>vs.<br><br>LJ Ross Associates, Inc. and Online Information Services Inc. d/b/a Online Collections,<br><br>                              Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Ceimoy James (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against LJ Ross Associates, Inc. and Online Information Services Inc. d/b/a Online Collections (hereinafter referred to as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Ceimoy James is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant LJ Ross Associates, Inc., ("LJR") is a Michigan Corporation with a principal place of business in Jackson County, Michigan.

9. On information and belief, Defendant Online Information Services Inc. d/b/a Online Collections, ("OIS") is a New York Corporation with a principal place of business in Albany County, New York.

10. Defendants regularly collect or attempt to collect debts asserted to be owed to others.

11. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendants' business is the collection of such debts.

13. Defendants use the mails in their debt collection business.

14. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

15. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

16. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

17. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The*

2

*Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

18. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

19. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

20. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

21. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

22. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

23. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

24. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

25. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a

3

defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS

26. Defendants allege Plaintiff owes a debt ("the alleged Debt").

27. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

28. The alleged Debt does not arise from any business enterprise of Plaintiff.

29. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

31. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

32. In its efforts to collect the alleged Debt, LJR contacted Plaintiff by letter ("the LJR Letter") dated April 6, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

33. The LJR Letter conveyed information regarding the alleged Debt.

34. The LJR Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. The LJR Letter was the initial written communication Plaintiff received from LJR concerning the alleged Debt.

36. In its efforts to collect the alleged Debt, OIS contacted Plaintiff by letter ("the OIS Letter") dated May 25, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

37. The OIS Letter conveyed information regarding the alleged Debt.

38. The OIS Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

39. The OIS Letter was the initial written communication Plaintiff received from OIS concerning the alleged Debt.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692g provides that within five days after the initial communication

4

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

42. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

43. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

44. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

45. The LJR Letter and the OIS Letter are for the same alleged Debt.

46. The LJR Letter and the OIS Letter are for the same "date of service"

47. The LJR Letter and the OIS Letter are for the same creditor.

48. The LJR Letter and the OIS Letter are for the same address.

49. The LJR Letter claims that Plaintiff owes $537.43.

50. The OIS Letter claims that Plaintiff owes $545.49.

51. Either or both the LJR Letter and the OIS Letter failed to accurate set forth the amount of the alleged Debt.

52. As such, Defendants did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

53. As such, Defendants did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

54. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

## SECOND COUNT
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

5

56. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

58. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

59. The LJR Letter claims that Plaintiff owes $537.43.

60. The OIS Letter claims that Plaintiff owes $545.49.

61. Either or both Defendants made a false representation in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

62. Either or both Defendants made a deceptive representation in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

63. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## JURY DEMAND

64. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Finding Defendants' actions violate the FDCPA; and

    b. Granting damages against LGR pursuant to 15 U.S.C. § 1692k; and

    c. Granting damages against OIS pursuant to 15 U.S.C. § 1692k; and

    d. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's costs; all together with

    f. Such other relief that the Court determines is just and proper.

DATED: April 8, 2019

                                       **BARSHAY SANDERS, PLLC**

                                       By: _/s/ *Craig B. Sanders*
                                       Craig B. Sanders, Esquire
                                       100 Garden City Plaza, Suite 500
                                       Garden City, New York 11530
                                       Tel: (516) 203-7600
                                       Fax: (516) 706-5055
                                       csanders@barshaysanders.com
                                       *Attorneys for Plaintiff*
                                       Our File No.: 117250

